UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

IN RE:

DENNIS E. HECKER,

Debtor.


JAMES C. GUSTAFSON,

       Appellant,


v.                                **MEMORANDUM OF LAW & ORDER**
                                    Civil File No. 10-1904 (MJD)

RANDALL L. SEAVER,
Trustee,

       Appellee.
_____

Steven J. Meshbesher, Meshbesher & Associates, P.A., Counsel for Appellant.

Matthew R. Burton and Andrea M. Hauser, Leonard, O'Brien, Spencer, Gale & Sayre, Ltd., Counsel for Appellee.
_____

**I.    INTRODUCTION**

      This matter is before the Court on Appellant James C. Gustafson's Motion

for Leave to Appeal [Docket No. 1-9] and Motion to Stay Execution of Subpoena Duces Tecum Pending Appeal [Docket No. 3].  The Court concludes that no oral argument is necessary.  The Court denies the Motion for Leave to Appeal.  Therefore, the Motion to Stay is denied as moot.

**II.     FACTUAL BACKGROUND**

On June 4, 2009, Dennis E. Hecker filed a voluntary petition for bankruptcy under Chapter 7.

On February 23, 2010, Bankruptcy Trustee Randall L. Seaver, filed a Notice of Hearing and Motion for Order Authorizing Rule 2004 Examinations.  [Docket No. 1-1]  In that Notice, Seaver sought the Bankruptcy Court's permission to conduct a Bankruptcy Rule 2004 examination of Appellant James C. Gustafson, among others.  Seaver explained that Gustafson was a long-time employee of a Hecker business entity who would have knowledge of Hecker's financial or business affairs.  Additionally, within thirty days after Hecker filed bankruptcy, Gustafson had paid money that Hecker had owed to The Golf Club Scottsdale.

On March 5, Gustafson filed an Objection to the Trustee's Motion for Order Authorizing Rule 2004 Examination.  [Docket No. 1-2]  Gustafson explained that, on November 16, 2009, he had received a letter from the U.S. Attorney for the

District of Minnesota informing him that he was a target of a federal investigation involving fraud and money laundering. He asserted that, absent a grant of transactional immunity from the Government, granting the Trustee's motion would violate his Fifth Amendment right against self incrimination.

On March 10, the Bankruptcy Court[1] granted the Trustee's motion to conduct a Rule 2004 examination of Gustafson. [Docket No. 1-4]

On March 15, the Trustee issued a subpoena under Rule 2004, requiring Gustafson to appear for a deposition on April 22, 2010, and to produce various documents on April 15, 2010.

On April 5, Gustafson filed a motion to quash the subpoena duces tecum issued on March 15 and asserting that the Fifth Amendment shielded him from the Rule 2004 Examination and from producing any documents. [Docket No. 1-5] His explanation of why his testimony would be incriminating was that he had been notified that he was a target and "[a]ny answers he may provide during a Rule 2004 Examination could be used against him in a criminal proceeding or, at a minimum, could easily furnish a link in a chain of evidence necessary for prosecut[]ion." (Id. at 5.) Gustafson's explanation of why production of the

---

[1]The Honorable Robert J. Kressel

documents would be privileged is that "[a]ll the documents requested by the Trustee's subpoena . . . are Mr. Gustafson's personal papers.  Even if the contents of the requested documents do not enjoy Fifth Amendment protection per se, the act of producing the documents has a communicative aspect which may tend to incriminate Mr. Gustafson."  (Id. at 10.)

On April 13, the Bankruptcy Court denied the motion to quash.  [Docket No. 1-7]

On April 14, Gustafson filed a Notice of Appeal of the order denying his motion to quash.  [Docket No. 1-8]  On that same day, Gustafson filed a Motion to Stay Execution of Subpoena Pending Appeal.  [Docket No. 1-11]

On April 21, the Bankruptcy Court denied Gustafson's request to stay execution of the subpoena pending appeal.  [Docket No. 1-18]   The court explained that Gustafson has the right to assert privilege in response to particular questions or documents but not to assert a blanket privilege.  It further noted that, for the first time, at oral argument, he informed the Bankruptcy Court of the contents of the documents and requested in camera review of the subpoenaed documents.  It reasoned that, because there would be no evidentiary record on appeal, Gustafson was unlike to prevail on appeal.

On April 26, the Bankruptcy Appellate Panel granted Gustafson's motion to have his appeal considered by the District Court. On April 28, the appeal was filed in this Court.

On April 28, the Trustee filed a Response in Opposition to Motion of James C. Gustafson for Leave to Appeal and a motion to dismiss the appeal. [Docket No. 1-24]

According to Gustafson, there are five questions to be presented on appeal:

1) Whether Mr. Gustafson may invoke his Fifth Amendment privilege against self-incrimination in advance of questioning for purposes of the Rule 2004 Examination;

2) Whether the documents requested in the Trustee's subpoena are personal papers/documents shielded from production by the Fifth Amendment;

3) Whether the act of producing the documents requested in the Trustee's subpoena has a communicative aspect that may compel Mr. Gustafson to incriminate himself in violation of the Fifth Amendment;

4) Whether Mr. Gustafson has made a sufficient showing regarding a sound basis for a reasonable fear of prosecution should he comply with the Trustee's subpoena; and

5) Whether the U.S. Bankruptcy Court for the District of Minnesota erred in denying Mr. Gustafson's Motion to Quash Subpoena Duces Tecum.

([Docket No. 1-9] at 2-3.)  As relief, Gustafson asks that the Court quash the subpoena duces tecum issued by the Trustee.

## III.  DISCUSSION

Currently before the Court is Gustafson's Motion for Leave to Appeal pursuant to Bankruptcy Rule 8003 and Local Rule 8003-1.  Before the parties brief the merits of the appeal for this Court's consideration, the Court must decide whether to permit the appeal at all.

### A.  Standard Regarding Consideration of Appeals from the Bankruptcy Court

Under 28 U.S.C. § 158(a), this Court has jurisdiction to hear appeals from "final judgments, orders, and decrees," and, "with leave of the court, from other interlocutory orders and decrees" of bankruptcy courts.

The Trustee argues that, first, the Bankruptcy Court's order is not final, and, second, this Court should not exercise its discretion to hear this interlocutory appeal.  Gustafson claims that this is an appeal of right under Federal Rule of Bankruptcy Procedure 8001(a), which applies to final orders.

### B.  Whether the Bankruptcy Order Was a Final Order

#### 1.  Standard for Determining Whether an Order is Final

A bankruptcy court order entered before the conclusion of a bankruptcy case is not considered a final order "unless it finally resolves a discrete segment of the underlying proceeding." In re M & S Grading, Inc., 526 F.3d 363, 368 (8th Cir. 2008) (citation omitted).

To determine if an order is final, the Court considers

> the extent to which (1) the order leaves the bankruptcy court nothing to do but execute the order; (2) the extent to which delay in obtaining review would prevent the aggrieved party from obtaining effective relief; (3) the extent to which a later reversal on [the contested] issue would require recommencement of the entire proceeding.

Id. (citation omitted).

"Generally, pretrial discovery decisions are not considered to be final decisions subject to immediate appeal, even under this flexible approach to finality." In re Kaiser Group Int'l, Inc., 400 B.R. 140, 143 (D. Del. 2009) (citing New York v. United States Metals Refining Co., 771 F.2d 796, 799 (3d Cir. 1985)). See also Matter of Int'l Horizons, Inc., 689 F.2d 996, 1001 (11th Cir. 1982) (holding that, absent finding of contempt, bankruptcy court order compelling production of privileged documents hold by the party asserting the privilege is interlocutory and non-appealable); In re Towers Financial Corp., 164 B.R. 719, 720 (S.D.N.Y. 1994) ("Bankruptcy court orders granting or denying discovery do not finally

dispose of an entire claim on which relief may be granted, and therefore are generally treated as interlocutory and not appealable as of right.") (citations omitted); Aetna Cas. & Sur. Co. v. Glinka, 154 B.R. 862, 868 (D. Vt. 1993) (holding that bankruptcy court's denial of motion to quash was interlocutory because, "at this point in the discovery process, this Court has no way of conclusively determining whether [the parties] will refuse to comply with the subpoenas[;] [n]or can this Court predict whether the Bankruptcy Court will issue a contempt order in the face of such a refusal").

> **2.    Whether the Order Leaves the Bankruptcy Court Nothing to Do but Execute the Order**

The order denying the motion to quash does not leave the Bankruptcy Court with nothing to do but execute the order. Gustafson did not assert his privilege with respect to any specific testimony or class of documents. This Court cannot predict whether Gustafson will comply with the subpoena in whole, assert privilege with respect to specific classes of documents and/or questions, or wholly disobey the subpoena. In fact, in arguing the motion to stay before the Bankruptcy Court, Gustafson, for the first time, made an attempt to establish a record as to the contents of the requested documents. The Court

cannot predict whether contempt proceedings will arise, nor the outcome of any contempt proceedings. See Aetna Casualty & Surety Co., 154 B.R. at 868. Thus, the Bankruptcy Court has more to do than simply execute the order denying the motion to quash.

Additionally, the Bankruptcy Court's order did not resolve any claim between the Trustee and Gustafson. It simply allows the Trustee to pursue his investigation of Gustafson's transactions with Hecker.

### 3. Extent to Which Delay in Obtaining Review Would Prevent Gustafson from Obtaining Effective Relief

The record merely contains Gustafson's blanket assertion of his Fifth Amendment privilege as to all testimony and all documents sought. This vague assertion cannot meet Gustafson's burden on this factor. Additionally, as the Court has noted, there are possible additional proceedings before the Bankruptcy Court, such as contempt proceedings, in which Gustafson can obtain relief without immediate appellate review of the order denying the motion to quash.

### 4. Extent to which a Later Reversal of the Contested Issue Would Require Recommencement of the Entire Proceeding

Gustafson has failed to show how a later reversal would require recommencement of the entire proceeding.

Overall, the Bankruptcy Court's order did not resolve a discrete segment of that proceeding. Instead, it allowed the Trustee to proceed in his investigation into Gustafson's financial transactions with Hecker. The order does not even end the dispute between Gustafson and the Trustee. As the <u>Aetna</u> court noted, the reviewing court does not know if Gustafson will assert the Fifth Amendment and refuse to produce certain documents or answer certain questions. Nor does the Court know if there will be a contempt proceeding or what the outcome of such a contempt proceeding will be. This order is a standard discovery order that will likely evolve as discovery continues.

### C. Whether this Court Should Exercise Its Discretion to Hear the Appeal

Although the Court concludes that Gustafson's appeal is not an appeal of a final order, this Court has the discretion to hear an interlocutory appeal from a bankruptcy court in certain situations. The Court must decide whether to exercise that discretion in this case.

#### 1. Standard to Hear Interlocutory Bankruptcy Appeal

When deciding whether to hear an interlocutory bankruptcy appeal, courts generally apply the test set forth in 28 U.S.C. § 1292(b), which provides the

standard for courts of appeals to hear interlocutory appeals.  See, e.g., In re Chapin, No. 4:06CV3103, BK04-43062, 04-4111, 2006 WL 1479353, at *2 (D. Neb. May 25, 2006) (applying § 1292(b) standard); In re Total Transp., Inc., 84 B.R. 590, 591-92 (D. Minn. 1988) (same).  Under the commonly applied section 1292 test, "(1) the question involved be one of law; (2) the question be controlling; (3) there exists a substantial ground for difference of opinion respecting the correctness of the [bankruptcy] court's decision; and (4) a finding that an immediate appeal would materially advance the ultimate termination of the litigation."  In re Chapin, 2006 WL 1479353, at *2 (citation omitted) (bracket in In re Chapin).

The Court should grant interlocutory appeals only in exceptional circumstances:

> [G]ranting leave to file interlocutory appeals is the exception, not the rule, and such appeals should be granted only where extraordinary circumstances exist which override the general policy against piecemeal litigation, or where ultimate determination of the entire litigation would be advanced.  Indeed, because interlocutory appeals interfere with the cumulative goal of the bankruptcy system, expeditious resolution of pressing economic difficulties, they are not favored.

Matter of Zech, 185 B.R. 334, 337 (D. Neb. 1995) (citations omitted).

    **2.**    **Discussion**

Gustafson has not asserted the Fifth Amendment with regard to any particular questions or requests. Gustafson is free to attend the deposition and assert his Fifth Amendment privilege in response to particular questions or document requests. Instead, Gustafson seeks to quash the entire subpoena, including such clearly non-privileged requests as the request to inspect his passport. In connection with his motion to quash, he gave the Bankruptcy Court no particular reasons why specific document requests or deposition questions would be incriminating.

The Court declines to exercise its discretion to decide this case with a limited record and the possibility of ongoing proceedings, such as contempt proceedings, which could resolve or narrow the issues raised on appeal. See Aetna Casualty & Surety Co., 154 B.R. at 868 (declining review of order denying motion to quash and noting that "[t]he virtue of a contempt adjudication before allowing an appeal is that it affords the parties a 'second look' before determining whether to pursue or resist the discovery") (citation omitted).

The Court further holds that there is not any substantial ground for difference of opinion on the Bankruptcy Court's order. There are instances in which the act of producing documents or answering deposition questions is

protected by the Fifth Amendment. See, e.g., United States v. Doe, 465 U.S. 605, 612-13 (1984). However, law in this Circuit is clear that the Bankruptcy Court was correct in refusing to quash the entire subpoena based on a vague, blanket assertion of the Fifth Amendment. Gustafson was required to invoke the privilege in response to specific questions or document requests. See, e.g., United States v. Vernon, 187 F.3d 884, 887 n.5 (8th Cir. 1999) ("While the prosecution cannot call defendants to the stand during their own trials, in other circumstances the Fifth Amendment privilege must be invoked in response to specific questions or requested documents. . . . see also United States v. Argomaniz, 925 F.2d 1349, 1356 (11th Cir.1991) (noting "blanket refusal to produce records or to testify will not support a fifth amendment claim")."); United States v. Thom, No. 91-3509, 1992 WL 92703, at *2 (8th Cir. May 8, 1992) (unpublished) ("Thom had no right to assert a blanket Fifth Amendment privilege against self-incrimination." )(citation omitted); United States v. Dick, 694 F.2d 1117, 1119 (8th Cir. 1982) (holding that taxpayer may not refuse to answer questions or produce documents on basis of blanket claim of Fifth Amendment privilege, but must appear in response to summons and "make specific objections in response to specific questions or to specific demands for

particular documents"); In re Bame, 251 B.R. 367, 379 (Bankr. D. Minn. 2000) (holding that a blanket claim of Fifth Amendment privilege is generally not permissible).

Therefore, the Court declines to exercise its discretion to hear this interlocutory appeal. The motion for leave to appeal is denied, and, therefore, the motion to stay is denied as moot.

Based on the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Appellant James C. Gustafson's Motion for Leave to Appeal [Docket No. 1-9] is **DENIED**.

2. Appellant James C. Gustafson's Motion to Stay Execution of Subpoena Duces Tecum Pending Appeal [Docket No. 3] is **DENIED AS MOOT**.

Dated: May 7, 2010

s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court